■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BROWN, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (Demakos, J.), rendered March 27, 1985, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, following a hearing (Giaccio, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and inculpatory statements.

Ordered that the judgment is affirmed.

The defendant contends that the identification made by the complaining witness was the product of an unduly suggestive showup procedure and should, therefore, have been suppressed. We disagree.

The facts, as disclosed by the record, fully support the hearing court's conclusion that the subject identification was not the product of a police-arranged confrontation or showup procedure, but, rather, resulted from a spontaneous or chance viewing of the defendant by the complainant. Inadvertent observations of a defendant do not constitute an identification procedure within the intendment of *United States v Wade* (388 US 218; *see, People v Gissendanner,* 48 NY2d 543, 552).

The police officers involved at bar were simply leading the defendant to a patrol car, in order to transport him to the police precinct, when the complaining witness spontaneously blurted out "that's the guy that raped me". The record, however, is devoid of evidence that the police had been aware that the complainant was amidst the crowd of people that had assembled in front of the home in which the defendant was ultimately apprehended. Under the circumstances encountered herein, it cannot be said that the police officers intentionally arranged an inherently suggestive showup procedure *(see, People v Richards,* 118 AD2d 604; *People v Burton,* 106 AD2d 652; *People v Dukes,* 97 AD2d 445), or that they solicited or encouraged the complainant's response. Accordingly, that branch of the defendant's omnibus motion which was to suppress the identification testimony was properly denied.

Equally unavailing is the defendant's claim that the police improperly elicited an incriminatory statement from him prior to the administration of the *Miranda* warnings. The officers simply informed the defendant of the allegations directed against him and he then made the incriminatory statement. The police, however, did not instigate a course of questioning designed to elicit any response nor did they create an interrogational environment. Rather, the defendant's statement was "self-generating" and made "without apparent ex-

ternal cause" *(People v Stoesser,* 53 NY2d 648, 650). Accordingly, the hearing court's denial of this aspect of the defendant's suppression motion was proper. Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.