■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOHN W. D'AMICO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered July 16, 1986, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Shortly after 4:30 A.M. on October 20, 1984, Terrence McLean was driving out of a parking space on Gerritsen Avenue, Brooklyn, at what eyewitnesses characterized as a normal rate of speed, when his car was struck broadside by the vehicle being driven by the defendant. The defendant testified that he had been proceeding at 50 miles per hour and did not see McLean's car until it "shot out" from the curb directly in front of him. At that point, the defendant claims he was only 12 feet away and although he applied his brakes, he was unable to avoid impact with McLean's car. However, the eyewitnesses to the accident stated that the defendant did not apply his brakes or did so only shortly before the impact. Furthermore, the People's witnesses, which included an accident reconstruction expert, estimated the defendant's speed to have been in excess of 58 miles per hour on a roadway which was damp. In addition, there was testimony that prior to the accident, the defendant had been driving in an erratic manner. Moreover, there was evidence that the defendant's view was unobstructed because the stretch of road where the accident occurred was straight and level.

After the impact, eyewitnesses discovered that McLean was unconscious and that the defendant had sustained an injury to his leg. Both the defendant and McLean were taken to the hospital. McLean died shortly thereafter of fractures of the cervical spine and ribs which resulted in lacerations of the lung and spleen and internal bleeding.

The defendant was arrested at the hospital after the arresting officer detected an odor of alcohol on his breath. In addition, the defendant admitted to drinking 4 or 5 beers prior to the accident.

The defendant contends on appeal that the evidence was insufficient to establish his guilt of criminally negligent homicide beyond a reasonable doubt. We disagree.

As we stated in *People v Gates* (122 AD2d 159, 160-161): " 'Before a person can be held criminally liable for negligently * * * causing the death of another, it must be proven

that he engaged in conduct which involved a "substantial and unjustifiable risk" of death and constituted "a gross deviation" from the standard of conduct or care that a reasonable person would observe in the situation (Penal Law, § 15.05, subds 3, 4; see, also, Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 15.05). The defendant's awareness of the risk determines the degree of culpability. If he failed to perceive the substantial and unjustified risk of death inherent in his act, he is guilty of criminally negligent homicide (Penal Law, § 125.10)' *(People v Montanez,* 41 NY2d 53, 56). Whether there has been a failure to perceive a risk which is of the type condemned by the Penal Law depends entirely upon the circumstances of each particular offender's conduct, and this issue is generally one for the trier of fact to determine *(see, People v Haney,* 30 NY2d 328, 335; *People v Licitra,* 47 NY2d 554, 558)."

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.