■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR J. JONES, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered October 13, 1989, convicting him of burglary in the third degree, and criminal possession of stolen property in the fifth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, following a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant was convicted of various crimes arising from his burglary of the Amperex Corporation (hereinafter Amperex) in Hicksville on Thanksgiving Day in 1988. The defendant urges error in the hearing court's denial of suppression of identification testimony of a security guard at Amperex.

The testimony at the suppression hearing revealed that a security guard, while making his rounds at Amperex on Thanksgiving Day, was startled by the defendant in a corridor of the building. After a brief questioning of the defendant by the guard, the defendant asked to use the bathroom. The guard led the defendant to the bathroom and, not satisfied with the defendant's explanation of why he was in the building, telephoned the police. The police arrived and, after searching the building and surrounding grounds, arrested the defendant who was found hiding in an office cubicle inside the Amperex building. The police handcuffed the defendant and

led him out of the building, past the security office where the guard had been waiting, and into a police cruiser. The guard followed the police outside and when asked, "Is this the person?", replied "Yes, that's the person". The defendant argues that the suggestive setting of this showup was purposely arranged by the police and so unduly suggestive as to violate his rights under *United States v Wade* (388 US 218). We disagree.

The evidence amply supports the hearing court's determination that the showup was inadvertent as there was only one exit and entrance to the premises that the police were aware of and therefore there was no deliberately arranged pretrial identification procedure *(People v Brown,* 123 AD2d 875). Further, the security guard had an independent source for his in-court identification, namely his observation of the defendant upon their first encounter in the Amperex building *(see, People v Adams,* 53 NY2d 241, 251).

We also find that the sentence was not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.