■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD D. CHARLAND, Appellant. [598 NYS2d 606] —Mikoll, J. P. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered December 18, 1991, upon a verdict convicting defendant of the crime of driving while intoxicated, as a felony.

Defendant was convicted after a jury trial of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3]) and sentenced to an indeterminate prison term of 1 to 3 years. Defendant contends that the judgment should be reversed because the evidence was not legally sufficient in that the People failed to meet their burden of proving that defendant was the driver of the vehicle, that the verdict was against the weight of the evidence and that County Court abused its discretion in imposing a 1 to 3-year sentence in view of the plea offer made immediately before trial which called for only three days' incarceration in the County jail and five years' probation.

A verdict is legally sufficient if "there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" *(People v Bleakley,* 69 NY2d 490, 495 [citation omitted]). In the instant case the identity of the driver of the vehicle was in issue. The People were required to prove beyond a reasonable doubt that defendant operated a motor vehicle while in an intoxicated condition (Vehicle and Traffic Law § 1192 [3]).

Viewing the trial evidence in a light most favorable to the People *(see, People v Ford,* 174 AD2d 853, *lv denied* 78 NY2d 955), we conclude that there is sufficient proof from which a rational person could reasonably infer and conclude beyond a reasonable doubt that defendant was operating the motor vehicle in question while he was in an intoxicated condition in violation of Vehicle and Traffic Law § 1192 (3) *(see, People v Bleakley, supra,* at 495). The record reveals that on April 3, 1990, defendant was found sitting in the driver's seat and his

girlfriend, Lois LaRose, in the passenger seat by a passerby, Peter Maynard, who came to their assistance. He noted tire marks in the snow which indicated that the car went off State Route 374, down an embankment and landed in a brook. The vehicle's tail lights were on. Maynard, with the assistance of another motorist, helped pry defendant from the car. In order to open the left front door, the two cleared sand away from it. State Trooper Janora Stone investigated at the scene and then visited defendant at the hospital. She testified that defendant first told her that he drove the car off the road but that after she advised him he was under arrest for driving while intoxicated, he denied he was driving the car. A blood alcohol test was administered to defendant which indicated a blood alcohol level of .19%. LaRose, testifying for the defense, said that she was driving her car that night at the time it went into the brook. Defendant's brother-in-law indicated that LaRose was driving when they left him shortly before the accident. In rebuttal, the People called a nurse from the hospital who stated that LaRose told her that "if she realized that [defendant] had so much to drink she would not have let him drive". The jury resolved the conflicting evidence in favor of the People's witnesses.

Weighing the relative probative force of the conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony, we find that the jury gave the evidence the weight it should be accorded and that a different finding by the jury would have been unreasonable *(see, supra)*.

Finally, defendant's argument that his sentence was harsh and excessive and an abuse of County Court's discretion is, in the light of his past record, rejected. Defendant has not demonstrated any abuse of discretion or the existence of extraordinary circumstances which would warrant a reduction of the sentence imposed *(see, People v Farrar,* 52 NY2d 302; *People v Pena,* 50 NY2d 400, 411-412, *cert denied* 449 US 1087; *People v Cyr,* 119 AD2d 901, *lv denied* 68 NY2d 756).

Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.