■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BROWN, Appellant. [627 NYS2d 60] —Appeal by the defendant from a judgment of the Supreme Court, Queens

County (Pitaro, J.), rendered February 10, 1993, convicting him of criminally negligent homicide, leaving the scene of an incident without reporting, assault in the third degree, speeding, and unlawfully operating a motor vehicle upon a public highway, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that there was legally insufficient evidence to establish his guilt of criminally negligent homicide and assault in the third degree (see, Penal Law §§ 125.10, 120.00 [3]). Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), the defendant's vehicle was travelling at 50 to 55 miles per hour down a residential street where the posted speed limit was 30 miles per hour. It was a rainy night and the ground was slippery and wet. Furthermore, there was evidence by which the jury could infer that the defendant was driving under the influence of alcohol, including the testimony of a witness at the scene of the accident who smelled alcohol when standing near him, and the testimony of the nurse who treated the defendant some four hours after the incident who smelled alcohol on the defendant's breath and who was told by the defendant that he had consumed two beers several hours before. This evidence was legally sufficient to support a finding that the defendant acted with criminal negligence (see, People v Paul V. S., 75 NY2d 944; People v Rooney, 57 NY2d 822; People v Senisi, 196 AD2d 376; People v D'Amico, 138 AD2d 503). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or do not warrant reversal under the circumstances of this case. Rosenblatt, J. P., Ritter, Santucci and Krausman, JJ., concur.