■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND J. WINNEY, Appellant. [627 NYS2d 101] —Crew III, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered October 21, 1992, upon a verdict convicting defendant of two counts of the crime of vehicular manslaughter in the second degree.

On June 13, 1991, defendant was operating a motor vehicle in the Town of Queensbury, Warren County, when he was involved in a collision with another vehicle at the intersection of Queensbury and Dix Avenues, as the result of which his two passengers, Edward Merlow and William Knowlton, were killed. Defendant subsequently was indicted and charged with, inter alia, two counts of vehicular manslaughter in the second

degree, for which he was convicted after a jury trial and sentenced to concurrent indeterminate terms of imprisonment of 2⅓ to 7 years.

On this appeal, defendant contends that County Court erred with respect to its charge concerning the traffic control device located at the intersection of Queensbury and Dix Avenues. In its charge to the jury, County Court stated, *inter alia:* "in order to find the defendant guilty * * * the People are required to prove, from all the evidence in the case, beyond a reasonable doubt * * * that * * * the defendant, while in an intoxicated condition * * * did operate a motor vehicle at a high rate of speed, crossing, on more than one occasion, partially into the opposing lane of traffic, causing another vehicle to swerve to the right to avoid a collision, and did proceed through the intersection of Queensbury and Dix Avenues when the traffic light at such intersection was not in the green position for his direction, thereby creating a substantial and unjustifiable risk of death to another person." Counsel for defendant objected to that portion of the charge referring to defendant's proceeding into the intersection when the traffic light was not in the green position and requested that the court charge the jury that it was permissible for defendant to enter the intersection with the traffic light in the yellow position. The court declined to so charge and defendant claims that ruling to be error. We agree.

By instructing the jury that a factor it could consider as criminal negligence was defendant's entering the intersection while the traffic light was not in the green position, County Court clearly permitted the jury to infer that entering the intersection with the light in the yellow position was a violation of the Vehicle and Traffic Law, thereby obviating the need to determine, as a factual matter, whether defendant entered the intersection against a red light or with a yellow light. Nevertheless, we deem the failure to give the requested charge to be harmless error in that there is overwhelming evidence, including the testimony of four eyewitnesses, as well as defendant's own admissions, that defendant indeed entered the intersection against a red light. Accordingly, there is no significant probability that a different verdict would have been reached had the court given the requested charge *(see generally, People v Brian,* 84 NY2d 887; *People v Fields,* 76 NY2d 761; *People v Moore,* 202 AD2d 1046, *lv denied* 84 NY2d 830; *compare, People v Artis,* 182 AD2d 1011). We find defendant's remaining contention, that the sentence imposed was harsh and excessive, to be without merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.