■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE THOMPSON, Appellant. [632 NYS2d 837] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered May 25, 1993, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, there

was sufficient evidence adduced at trial to permit a rational trier of fact to conclude that the defendant shot the decedent *(see, People v Cabey,* 85 NY2d 417; *People v Williams,* 84 NY2d 925). At trial, two security officers, James Gilmore and Arthur Jones, testified that they were approached by the decedent's friend, Laticia Henriques, immediately after she had witnessed the shooting. Henriques, who was hysterical, told the security officers that Dwayne or "Bop" shot the decedent. This statement was properly admitted as an excited utterance *(see, People v Brooks,* 71 NY2d 877; *People v Edwards,* 47 NY2d 493; *People v Caviness,* 38 NY2d 227). Moreover, Louis King and Jones testified that the defendant was known by the name "Bop". King also testified that the defendant had given him a gun shortly after the murder, at which time the defendant stated that he had used it to shoot someone. The People's ballistic expert testified that the gun the defendant gave to King was the murder weapon.

The defendant contends that the verdict was against the weight of the evidence because, *inter alia,* King had motivation to lie since he was cooperating with the prosecutor in the hope of receiving preferential treatment for his pending, unrelated criminal matters. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

During the impeachment of a hostile prosecution witness, the trial court erred in eliciting from the witness that she previously had identified the defendant from a photograph *(see, People v Caserta,* 19 NY2d 18; *People v Andre,* 185 AD2d 276). However, we find that the error was harmless given the other impeachment evidence which was properly admitted *(see generally, People v Broomfield,* 163 AD2d 403) and the strength of the remaining identification evidence against the defendant *(see, People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Tevaha,* 84 NY2d 879; *People v Charleston,* 56 NY2d 886), or without merit. Sullivan, J. P., Miller, Copertino and Goldstein, JJ., concur.