■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GAGLIARDO, Appellant. [635 NYS2d 542] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered September 23, 1994, convicting him of assault in the third degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was convicted of two counts of assault in the third degree based on an incident in which the defendant, while operating a vehicle at an excessive rate of speed, caused an accident which resulted in serious physical injury to two occupants of another vehicle. The defendant was indicted for two counts of assault in the second degree, two counts of vehicular assault in the second degree, and one count of operating a motor vehicle while under the influence of alcohol. He was found guilty of two counts of the lesser offense of assault in the third degree.

The defendant contends that the trial court erred in failing to inform him, prior to summations, that it would be considering the lesser-included offense of assault in the third degree in rendering its verdict (see, CPL 320.20 [5]). However, as no objection was made by the defendant, the contention is not preserved for appellate review (see, People v Jackson, 166 AD2d 356). In any event, the error was harmless because the defense counsel's motion to dismiss and summation would not have been affected by the knowledge that the lesser included offense would be considered by the court (see, People v Kloska, 191 AD2d 587).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see, CPL 470.05 [2]; People v Carfora, 187 AD2d 603). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support a finding that the defendant acted with criminal negligence (see, People v Brown, 215 AD2d 573). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Finally, the defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Miller, J. P., O'Brien, Pizzuto and Krausman, JJ., concur.