■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND K. CROWELL, Appellant. [719 NYS2d 421] —Judgment

unanimously affirmed. Memorandum: On appeal from a judgment convicting him following a jury trial of one count of animal fighting (Agriculture and Markets Law § 351 [2] [a]), defendant contends that County Court erred in allowing the People to present evidence concerning the training of defendant's animals for fighting purposes. We disagree. The indictment charged defendant with, *inter alia,* owning or keeping animals trained to engage in animal fighting on premises where an exhibition of animal fighting is being conducted (*see,* Agriculture and Markets Law § 351 [2] [d]) and that count was not dismissed until after the closing of proof. Thus, the People properly presented evidence concerning that count.

We reject defendant's further contention that the Executive Director of the Niagara County Society for the Prevention of Cruelty to Animals was not qualified as an expert. The record establishes that the witness was qualified to provide opinion testimony (*see generally, People v Stabell,* 270 AD2d 894, 895, *lv denied* 95 NY2d 804; *People v Tisdale,* 270 AD2d 917, *lv denied* 95 NY2d 839). We agree, however, with defendant that the police detective was not qualified to give expert testimony concerning which of defendant's dogs the detective believed to be a "bait dog." The error, however, is harmless; the proof of guilt is overwhelming and there is no significant probability that defendant would have been acquitted but for the error (*see, People v Crimmins,* 36 NY2d 230, 242).

Defendant further contends that he was denied a fair trial by prosecutorial misconduct during the People's cross-examination of defendant and on summation. The majority of the instances of alleged misconduct are unpreserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The instances of alleged misconduct to which defendant objected either did not constitute misconduct or were not so improper or inflammatory as to deny defendant a fair trial (*see, People v Caleb,* 273 AD2d 881, 881-882, *lv denied* 95 NY2d 864).

Finally, defendant contends that the verdict is against the weight of the evidence. We disagree. The jury's assessment of the credibility of the witnesses is entitled to great deference, and it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Animal Fighting.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.