■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CARLOS CLAROS, Also Known as HERMAN CLAROS, Appellant. [720 NYS2d 825] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Klein, J.), rendered November 17, 1998, convicting him of driving while intoxicated (two counts), vehicular assault in the first degree (four counts), assault in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his identity as the driver of the vehicle involved in the accident (*see, People v West,* 56 NY2d 662; *People v Sheridan,* 265 AD2d 433). In any event, the testimony of numerous witnesses established the identity of the defendant as the driver of the vehicle before, during, and after it collided with two other vehicles causing physical injuries to the occupants of one of those vehicles. Viewing the evidence adduced at trial in the light most favorable to the People (*see, People v Contes,* 60

NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's identity as the driver and of his guilt of the crimes charged (*see, People v Charland,* 194 AD2d 827).

The defendant contends that the jury should not have believed the prosecution's witnesses. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94; *People v Thompson,* 220 AD2d 706, 707). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]; *People v Gagliardo,* 222 AD2d 520; *People v Brown,* 215 AD2d 573; *People v Mathison,* 175 AD2d 966).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Altman, J. P., McGinity, Feuerstein and Smith, JJ., concur.