■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR SUBER, Appellant. [723 NYS2d 197] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered December 9, 1998, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the prosecutor intentionally arranged an inherently-suggestive showup procedure when she brought the complainant's wife into the courtroom shortly before the court went into session. Under the circumstances, the prosecutor neither intentionally arranged an inherently-suggestive showup procedure (*see, People v Brown,* 123 AD2d 875) nor solicited or encouraged a response from the complainant's wife. "Inadvertent observations of a defendant do not constitute an identification procedure within the intendment of *United States v Wade* (388 US 218; *see, People v Gissendanner,* 48 NY2d 543, 552)" (*People v Brown, supra,* at 876). Accordingly, the defendant's motion for a mistrial was properly denied.

The defendant's remaining contentions are without merit. S. Miller, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE THOMPSON, Appellant. [722 NYS2d 745] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated October 23, 1995 (*People v Thompson,* 220 AD2d 706), affirming a judgment of the Supreme Court, Queens County, rendered May 25, 1993.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). O'Brien, J. P., Santucci, S. Miller and Goldstein, JJ., concur.