■ The People of the State of New York, Respondent, v Norton U. Prescott, II, Appellant. [730 NYS2d 899] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him, following a jury trial, of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; 1193 [1] [c]) and aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]), defendant contends that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. Having failed to move to dismiss those charges on the ground of legal insufficiency, defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see, People v Gray,* 86 NY2d 10, 19). In any event, that contention is without merit. Although defendant's friend testified that he was driving the vehicle and that he entered a plea of guilty in town court to unlicensed operation of a motor vehicle, it was the province of the jury to determine the credibility of the witnesses (*see, People v Bleakley,* 69 NY2d 490, 495). The jury was entitled to find that the testimony of defendant's friend that he was driv-

ing was not credible and that he entered a plea of guilty in order to protect defendant. The other evidence, including the statements of defendant and his friend at the scene, could lead the jury to find that defendant was driving.

Defendant further contends that he was denied a fair trial by the prosecutor's comment on summation that defendant admitted that he was driving the vehicle. Defense counsel objected to that comment and County Court granted defendant's request to give curative instructions, thereby alleviating any prejudice to defendant (*see, People v Wilson,* 284 AD2d 958; *People v Marzug,* 280 AD2d 974, 975). Defendant failed to preserve for our review his contention that the court's instruction on reasonable doubt was improper (*see, People v Procks,* 258 AD2d 951, 952, *lv denied* 93 NY2d 976). In any event, that contention lacks merit (*see, People v Antommarchi,* 80 NY2d 247, 252, *rearg denied* 81 NY2d 759). Defendant received effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Steuben County Court, Furfure, J.—Felony Driving While Intoxicated.) Present—Pigott, Jr., P. J., Green, Pine, Scudder and Lawton, JJ.