THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE PANEK, Appellant. [759 NYS2d 619] —Appeal from a judgment of Cayuga County Court (Corning, J.), entered March 14, 2002, convicting defendant after a jury trial of, inter alia, felony driving while intoxicated.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3]). Contrary to defendant's contention, the evidence is legally sufficient to support the conviction (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). The evidence, viewed in the light most favorable to the People (*see People v Contes,* 60 NY2d 620, 621 [1983]), established that defendant was slumped over the steering wheel of a pickup truck with the engine running and was wearing a seatbelt when he was awakened by a police officer responding to a report of an unconscious person in a vehicle. Defendant advised the officer that he was returning home from a construction site and had pulled off the road to go to sleep. The officer detected an odor of alcohol and retrieved an open beer can from the seat of the pickup truck. Defendant failed several on-site sobriety tests and a breath test revealed a blood alcohol content of .30. We reject defendant's further contention that the verdict is against the weight of the evidence. Although defendant testified that he had not driven the truck, the jury's determination of defendant's credibility is entitled to great deference (*see Bleakley,* 69 NY2d at 495) and there is no reason to disturb that determination here.

Contrary to the contention of defendant, County Court properly determined that he was not in custody before he was transported to the Sheriff's office (*see generally People v Flecha,* 195 AD2d 1052, 1052-1053 [1993]). In any event, defendant's statements made at the scene were in response to investiga-

tory questions by the police and were therefore admissible (*see People v Spencer*, 289 AD2d 877, 879 [2001], *lv denied* 98 NY2d 655 [2002]; *see generally People v Barnes,* 267 AD2d 1020 [1999], *lv denied* 95 NY2d 832 [2000]).

Defendant's sentence is neither unduly harsh nor severe. We have considered the remaining contentions of defendant, including those contained in his pro se supplemental brief, and conclude that they are without merit. Present—Green, J.P., Hurlbutt, Scudder, Burns and Hayes, JJ.