■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER G. INGRAM, Appellant. [771 NYS2d 253]—

Lahtinen, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered October 7, 2002, upon a verdict convicting defendant of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

Defendant was sentenced to community service and five years' probation after being convicted by a jury of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree. While he does not dispute that he was intoxicated, he contends on appeal that the People failed to prove that he was operating the motorcycle and, therefore, the jury's verdict was not supported by legally sufficient evidence and was against the weight of the evidence. We disagree and, thus, affirm the judgment.

In assessing whether a verdict is supported by legally sufficient evidence, the evidence is viewed in the light most favorable to the prosecution and the verdict will be upheld if " '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (*People v Contes*, 60 NY2d 620, 621 [1983], quoting *Jackson v Virginia*, 443 US 307, 319 [1979] [emphasis in original]; *see People v Taylor*, 94 NY2d 910, 911 [2000]). Here, Fire Chief Kevin Crosby testified that he responded to the report of a motorcycle accident and found defendant in a ditch next to a motorcycle. Deputy Sheriff Martin Dumolin, who was also summoned to the scene, related that defendant smelled of alcohol and failed two of three field sobriety tests. A subsequent breathalyzer test revealed a blood alcohol content of .23%. Dumolin stated that, upon initial questioning at the site, defendant claimed that he had merely been pushing the motorcycle on the shoulder of the road. However, Dumolin observed fresh scrapes on defendant's forehead and shoulder. He further stated that he placed his hand on the motorcycle's engine, which he characterized as "hot." After defendant was arrested and read his *Miranda* warnings, he reportedly acknowledged to police that he had been operating the motorcycle. This evidence is legally sufficient to support the verdict.

Next, we consider defendant's weight of the evidence argument. Defendant presented proof, including his own testimony and his father's testimony, contending, among other things, that his scrapes predated the accident and that the motorcycle had mechanical problems. Defendant further denied that he told police that he had been driving the motorcycle. After

reviewing the record and weighing the conflicting evidence, we discern no reason to reject the jury's assessment of the witnesses' credibility or to conclude that the jury "failed to give the evidence the weight it should be accorded" (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Amato*, 1 AD3d 713, 716 [2003]).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.