■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON M. MARICEVIC, Appellant. [860 NYS2d 666]—

Carpinello, J. Appeal from a judgment of the County Court of Schoharie County (Bartlett, III, J.), rendered January 25, 2007, upon a verdict convicting defendant of the crimes of vehicular manslaughter in the second degree (two counts), vehicular assault in the second degree (two counts) and driving while intoxicated (two counts), and the traffic infractions of failure to reduce speed and driving to the left of pavement markings.

Defendant was indicted on two counts each of vehicular man-

slaughter in the second degree, vehicular assault in the second degree and driving while intoxicated, as well as two minor traffic infractions, arising out of a one-car accident in the early morning hours of June 26, 2005. The accident took place after defendant and several companions had been drinking at a local pub. At the time of the accident, which took place on a winding, rural road in Schoharie County, three men were in defendant's sport utility vehicle, namely, defendant, Peter Theologitis and Keith Klein. Defendant's vehicle, which was traveling westbound, went off the road on a curve, crossed the eastbound lane, struck a stone wall, rolled over and came to rest on its roof on the escarpment of the Gilboa Dam.

Defendant was not seriously injured as a result of the accident. At the hospital, he agreed to submit to a chemical test which revealed that his blood alcohol content some hours after the accident was .11%. Theologitis was seriously injured and Klein died at the scene as a result of his injuries. After a jury trial at which the issue of defendant's identity as the driver of the vehicle was disputed, he was found guilty as charged. He was sentenced to prison terms aggregating 1²/₃ to 5 years. This appeal ensued.

We turn first to defendant's challenges to the legal sufficiency and weight of the evidence against him, both of which hinge on the claim that Theologitis was driving at the time of accident. In particular, defendant argues that he was convicted "on anything but legally sufficient evidence" and that it was "illogical" for the jury to have concluded that he was driving at the time of the accident. He further argues that the jury's verdict was against the weight of the evidence. When considering a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People and will not disturb the verdict if the evidence demonstrates a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury (*see People v Ingram*, 3 AD3d 791, 792 [2004]; *People v Claros*, 280 AD2d 610 [2001], *lv denied* 96 NY2d 781 [2001]; *People v Charland*, 194 AD2d 827 [1993]; *see generally People v Contes*, 60 NY2d 620, 621 [1983]).

In applying this standard to the instant case, we find there is ample evidence in the record from which the jury could have reasonably concluded that defendant was indeed driving at the time of the accident. First, Theologitis unequivocally testified that he was seated in the front passenger seat at the time of the accident, that defendant was driving and that Klein was in the backseat. Moreover, according to Theologitis, defendant

apologized to him at the accident scene, apologized again one week later and then contacted him three months before trial asking him to state that Klein was driving.

The jury also heard testimony from an emergency medical technician that defendant was alert and oriented following the accident and that, although he initially appeared to be unsure if he was the driver when first asked, he sounded "positive" when "firmly" asked a second time. A fellow emergency medical technician confirmed that defendant was alert and oriented following the accident and did ultimately acknowledge that he was the driver. Defendant also told an investigating state trooper that he was driving at the time of the accident. In particular, he gave an oral statement to this trooper claiming that he swerved to avoid hitting a small animal in the road and lost control of his vehicle.*

The People's proof further established that a few hours after his initial oral statement, defendant waived his *Miranda* rights and spoke with a State Police investigator. At this time, defendant claimed that he had one drink at midnight, acknowledged that he was driving at the time of the accident and continued to maintain that he swerved to avoid hitting an animal in the road. Defendant also signed a written statement acknowledging that he was driving. The day after the accident, defendant gave a recorded statement to his insurance carrier in which he acknowledged that he had three drinks before the accident and that he was driving at the time of it. Less than two weeks after the accident, defendant also admitted to members of Klein's family that he had three or four drinks before the accident, that he was in fact driving and that he lost control after either dozing off or seeing an animal in the road.

The People further presented forensic evidence tending to prove defendant's placement in the driver seat, as well as the testimony of an accident reconstruction expert who opined that his investigation led to the conclusion that defendant was indeed the driver. From this evidence, it is clear that there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury, namely, that defendant was driving at the time of the accident (*see People v Ingram, supra*; *People v Claros, supra*; *People v Bowers*,

---

* Although defendant denied during this oral statement that he had been drinking, the trooper, who smelled alcohol on him and noted that his eyes were glassy and bloodshot, administered a preliminary breath screen device which tested positive for alcohol. Moreover, when this trooper read the driving while intoxicated warning to defendant, he agreed to submit to a chemical test.

201 AD2d 830 [1994], *lv denied* 83 NY2d 909 [1994]; *People v Charland, supra*).

Likewise, upon the exercise of our factual review power (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]), we reject defendant's contention that his convictions are against the weight of the evidence. While a contrary verdict on all counts would not have been unreasonable had the jury accepted the testimony of defendant's expert that Theologitis was driving at the time of the accident, it was the jury's province to resolve all credibility issues and this Court accords due deference to such determinations (*see People v Ingram*, 3 AD3d at 793; *People v Panek*, 305 AD2d 1098 [2003], *lv denied* 100 NY2d 623 [2003]; *People v Prescott*, 286 AD2d 898, 898-899 [2001], *lv denied* 97 NY2d 686 [2001]; *People v Claros, supra*; *People v Charland, supra*). Weighing the evidence in a neutral light (*see People v Charland*, 194 AD2d at 828), we conclude that the verdict finding defendant responsible for the accident was not against the weight of the evidence (*see* CPL 470.15; *People v Ingram*, 3 AD3d at 793; *People v Panek, supra*; *People v Prescott, supra*; *People v Claros, supra*; *People v Charland*, 194 AD2d at 828).

Next, we agree with defendant's argument that certain testimony of the paramedic who pronounced Klein dead at the scene was improper since it went beyond his area of expertise. This witness was certainly qualified to relay his observations of the crash scene itself and was also properly deemed an expert in the field of emergency life support. However, any conclusions concerning the speed of the vehicle at the time of the accident, its trajectory and/or the expected injuries of its occupants went beyond his "training, education, knowledge or experience" (*People v Carroll*, 300 AD2d 911, 915 [2002], *lv denied* 99 NY2d 626 [2003]) and thus should not have been permitted (*see People v Burt*, 270 AD2d 516, 517-518 [2000]; *cf. People v Duchowney*, 166 AD2d 769 [1990]; *People v Greene*, 153 AD2d 439, 449-450 [1990], *lv denied* 76 NY2d 735 [1990], *cert denied* 498 US 947 [1990]). The deviation from the permissible scope of his testimony, however, was harmless. Notably, this witness never opined that defendant was the driver and issues concerning speed and trajectory were not in serious dispute. Moreover, the evidence of defendant's identity as the driver was overwhelming and there is no significant probability that the jury would have acquitted defendant but for this error (*see generally People v Smith*, 2 NY3d 8, 13 [2004]; *People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Eckhardt*, 305 AD2d 860, 864 [2003], *lv denied* 100 NY2d 620 [2003]; *People v Crowell*, 278 AD2d 832 [2000], *lv denied* 96 NY2d 799 [2001]).

Defendant's argument that his sentence is harsh and excessive is rejected. He has not demonstrated any abuse of discretion or the existence of extraordinary circumstances which would warrant a reduction in the interest of justice (*see e.g. People v Hamlin*, 21 AD3d 701 [2005], *lv denied* 5 NY3d 852 [2005]; *People v Curkendall*, 12 AD3d 710 [2004], *lv denied* 4 NY3d 743 [2004]; *People v Winney*, 215 AD2d 873 [1995], *lv denied* 86 NY2d 805 [1995]). Simply stated, defendant drank alcohol—enough to register a blood alcohol content of .11% hours after the accident—and chose to drive. As a result, Klein's life tragically ended and Theologitis suffered terrible injuries.

Defendant's remaining arguments have been considered and found to be unpersuasive.

Cardona, P.J., Peters, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Schoharie County for further proceedings pursuant to CPL 460.50 (5).