# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

385
KA 14-00768
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

CHRISTOPHER P. ANNIS, DEFENDANT-APPELLANT.

---

LAW OFFICES OF MAURICE J. VERRILLO, P.C., ROCHESTER (MAURICE J. VERRILLO OF COUNSEL), FOR DEFENDANT-APPELLANT.

ERIC R. SCHIENER, SPECIAL PROSECUTOR, GENESEO, FOR RESPONDENT.

---

Appeal from a judgment of the Allegany County Court (Thomas P. Brown, J.), rendered April 17, 2013. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class E felony, and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]), defendant contends that the evidence is legally insufficient to establish that he was driving at the time of the accident. Defendant failed to preserve that contention for our review inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, we conclude that defendant's contention is without merit.

"It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Pichardo*, 34 AD3d 1223, 1224, *lv denied* 8 NY3d 926 [internal quotation marks omitted]; *see People v Bleakley*, 69 NY2d 490, 495). Here, we conclude that "there is ample evidence in the record from which the jury could have reasonably concluded that defendant was indeed driving at the time of the accident" (*People v Maricevic*, 52 AD3d 1043, 1044, *lv denied* 11 NY3d 790). When the police arrived at the scene, they observed that the vehicle had flipped over and that the driver's side window had been smashed. The police found defendant's wallet containing his driver's

license on the ceiling above the driver's seat.  The police observed only one set of footprints leading away from the vehicle, which they followed, and eventually located defendant.  Defendant, who appeared to be intoxicated, admitted that he had been drinking and that he was in the accident, but he denied that he was driving and refused to identify the alleged driver.  No other individuals were observed in the vicinity of the accident.  We further conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  "The resolution of credibility issues by the jury and its determination of the weight to be given to the evidence are accorded great deference" (*People v Wallace*, 306 AD2d 802, 802; *see Bleakley*, 69 NY2d at 495; *People v Lopez*, 96 AD3d 1621, 1622, *lv denied* 19 NY3d 998), and there is no reason to disturb that determination here (*see People v Morrison*, 48 AD3d 1044, 1045, *lv denied* 10 NY3d 867; *People v Panek*, 305 AD2d 1098, 1098, *lv denied* 100 NY2d 623).

Defendant further contends that he was denied effective assistance of counsel because, inter alia, defense counsel withdrew his request for a *Martin* hearing, failed to call a particular witness, and failed to speak to one of the People's witnesses before trial.  To the extent that defendant's contention "involve[s] matters outside the record on appeal, . . . the proper procedural vehicle for raising [that] contention[] is a motion pursuant to CPL 440.10" (*People v Archie*, 78 AD3d 1560, 1562, *lv denied* 16 NY3d 856).  To the extent that defendant's contention is properly before us, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant's contention that he was denied a fair trial by prosecutorial misconduct is not preserved for our review (*see People v Ross*, 118 AD3d 1413, 1416-1417, *lv denied* 24 NY3d 964), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Finally, the sentence is not unduly harsh or severe.

Entered:  March 27, 2015                        Frances E. Cafarell
                                                Clerk of the Court