# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

70

KA 14-01891

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

DAVID E. BARNES, DEFENDANT-APPELLANT.

---

GANGULY BROTHERS, PLLC, ROCHESTER (ANJAN K. GANGULY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered October 14, 2014. The judgment convicted defendant, upon a nonjury verdict, of driving while intoxicated, a class E felony, and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [ii]), defendant contends that the evidence is legally insufficient to establish that he was operating the vehicle at the time of the accident. We reject that contention. " 'It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People' " (*People v Annis*, 126 AD3d 1525, 1525-1526; *see People v Bleakley*, 69 NY2d 490, 495). Here, we conclude that " 'there is ample evidence in the record from which [Supreme Court] could have reasonably concluded that defendant was indeed driving at the time of the accident' " (*Annis*, 126 AD3d at 1526). When a police officer arrived on the scene, he observed that a vehicle had struck a support pillar for an interstate highway. The officer concluded that the accident had happened shortly before his arrival because, among other things, the vehicle's engine was still warm. There were footprints in the snow leading away from the driver's side only, the only airbag that had deployed was on the driver's side, and the backseat contained two

children's car seats that appeared to leave no room for an adult to sit. Defendant was subsequently located at a gas station and, although he denied to the police that he had been the driver, the gas station was in close proximity to the accident scene, defendant exhibited signs of alcohol consumption and intoxication, and defendant admitted that he had been in the vehicle (*see id.*). Contrary to defendant's further contention, we conclude that, to the extent that the People's proof included inadmissible hearsay, any error in admitting such proof in evidence is harmless. "In this nonjury case, the court is presumed to have considered only competent evidence in reaching the verdict . . . , and there is no basis in this record to conclude that the court did otherwise" (*People v Clinkscales*, 277 AD2d 930, 931, *lv denied* 96 NY2d 733). Finally, we conclude that, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Entered:  March 18, 2016                    Frances E. Cafarell
                                            Clerk of the Court