*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 5, 2017                    107361
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

MICHAEL B. DUNSTER II,
                        Appellant.
_____

Calendar Date:   November 17, 2016

Before:  Peters, P.J., Garry, Devine, Mulvey and Aarons, JJ.

_____

        John A. Cirando, Syracuse, for appellant.

        William G. Gabor, District Attorney, Wampsville (Elizabeth S. Healy of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered December 11, 2014, upon a verdict convicting defendant of the crime of driving while intoxicated.

        On the morning of November 29, 2013, two City of Oneida police officers were dispatched to investigate a report of a vehicle found resting against a tree in a local park.  When they arrived, the officers observed tire tracks in the snow leading from the roadway to the vehicle's resting place and no footprints in the area surrounding the vehicle.  Upon approaching the vehicle, the officers found defendant asleep in the driver's seat and the keys in the ignition.  They knocked on the window for several minutes until they eventually roused defendant, who —

upon observing the officers — immediately took the keys out of the ignition and threw them over to the passenger side of the vehicle. When defendant eventually complied with their requests to exit the vehicle, the officers detected a strong odor of alcohol and observed an open can of beer in the center console. Both officers also testified that defendant's eyes were glassy, his speech was slurred and he was staggering and using the vehicle to maintain his balance. Defendant refused to submit to field sobriety tests and an Alko-sensor test, and was ultimately placed under arrest for driving while intoxicated.

Following a jury trial, defendant was convicted as charged of driving while intoxicated as a felony (see Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]) and sentenced to a prison term of 1 to 3 years, with the recommendation that he be allowed to participate in the shock incarceration program. He appeals, arguing that his conviction is not supported by legally sufficient evidence, that the verdict is contrary to the weight of the evidence and that his sentence is unduly harsh and excessive.

Viewing the evidence in the light most favorable to the People, we find a valid line of reasoning and permissible inferences from which a rational jury could conclude beyond a reasonable doubt that defendant was operating the motor vehicle in question while he was in an intoxicated condition (see Vehicle and Traffic Law § 1192 [3]; see generally People v Reed, 22 NY3d 530, 534 [2014]; People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant was found alone, asleep behind the wheel of a car that had left the roadway, crossed over a basketball court and come to rest in an area not designated for parking. The keys were in the ignition, no footprints were observed in the snow leading away from the vehicle and a single empty beer can was discovered in the vehicle. In our view, the established facts and the reasonable inferences to be drawn therefrom, in conjunction with the proof of defendant's impaired condition and refusal to submit to a chemical test, "point logically to [his] operation of the automobile while intoxicated, even though there is no direct proof that he drove [the vehicle]" (People v Blake, 5 NY2d 118, 120 [1958]; see People v Annis, 126 AD3d 1525, 1526 [2015]; People v Shaffer, 95 AD3d 1365, 1366-1367 [2012]; People v Panek,

305 AD2d 1098, 1098 [2003], lv denied 100 NY2d 623 [2003]; People v Charland, 194 AD2d 827, 827-828 [1993]; People v Saplin, 122 AD2d 498, 498-499 [1986], lv denied 68 NY2d 817 [1986]). Further, evaluating the evidence in a neutral light and extending appropriate deference to the jury's resolution of credibility issues, we find that the verdict is also in accord with the weight of the evidence (see People v Annis, 126 AD3d at 1526; People v Hamm, 29 AD3d 1079, 1080-1081 [2006]; People v Ingram, 3 AD3d 791, 792-793 [2004]; People v Panek, 305 AD2d at 1098).

Finally, we are unpersuaded by defendant's contention that his sentence was unduly harsh and excessive. Defendant has a lengthy criminal history, which includes a prior driving while intoxicated conviction and various other offenses resulting from his alcohol problem. Several attempts at treatment have proved unsuccessful. County Court acknowledged defendant's issues with alcohol and reasoned that a sentence in state prison, as opposed to one in the local jail, would be more likely to assist in defendant's rehabilitation because he would have the opportunity to participate in the shock incarceration program in that venue. Under these circumstances, we find no abuse of discretion or extraordinary circumstances warranting a modification of defendant's sentence (see People v Donaldson, 46 AD3d 1109, 1110 [2007]; People v Hamm, 29 AD3d 1158, 1160 [2006], lv denied 7 NY3d 848 [2006]; People v Arnold, 2 AD3d 975, 976-977 [2003], lv denied 1 NY3d 594 [2004]).

Garry, Devine, Mulvey and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court