People v Mink (2019 NY Slip Op 06541)





People v Mink


2019 NY Slip Op 06541


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

108436

[*1]The People of the State of New York, Respondent,
v
Michael Mink, Appellant.

Calendar Date: August 22, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Teresa C. Mulliken, Harpersfield, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Devine, J.
Appeal from a judgment of the Supreme Court (Mott, J.), rendered May 16, 2016 in Ulster County, (1) upon a verdict convicting defendant of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree, and (2) upon his plea of guilty of the crime of circumvention of interlock device.
On the evening of February 20, 2014, a 911 caller reported that defendant and his fiancÉe were leaving an Ulster County residence in a gray Chrysler following an altercation and that a drunken defendant was driving. A responding sheriff's deputy, Kyle Frano, passed a gray Chrysler on the route that defendant was reported to have taken. Frano turned to follow the vehicle, which promptly pulled into a gas station and stopped. As Frano was pulling up behind the car, he observed defendant getting out of the driver's side door. Frano called defendant over and observed that he had the smell of alcohol on his breath, glassy watery eyes and slurred speech, and similar signs of impairment were noted by two State Troopers who subsequently arrived. Frano first handcuffed defendant due to the report of an assault but, after learning that no one at the residence was injured or wanted to file a complaint, released defendant and administered field sobriety tests. Defendant failed those tests and was placed under arrest, and he thereafter refused to submit to chemical testing.
Defendant was charged in an indictment with various offenses as a result of his driving drunk and disregarding restrictions arising from a prior conviction for aggravated driving while intoxicated. Following a jury trial, defendant was convicted of driving while intoxicated as a felony and aggravated unlicensed operation of a motor vehicle in the first degree. He then entered an Alford plea to the remaining count of the indictment, circumvention of interlock device. Supreme Court sentenced defendant to one year in jail and a conditional discharge of three years on the driving while intoxicated conviction, and concurrent jail terms of equal or lesser length on the remaining convictions. Defendant appeals, and we affirm.
Defendant contends upon appeal that the jury verdict was not supported by legally sufficient evidence and was against the weight of the evidence, challenging in particular the proof that he was driving the vehicle (see Vehicle and Traffic Law §§ 511 [3] [a] [i]; 1192 [3]; 1193 [1] [c] [i]). In that regard, Michael Smith testified that he was the individual who called 911 and that, on the evening in question, he, defendant and others were at the home of defendant's fiancÉe's mother. Smith confirmed that defendant was drinking and that it was defendant who got behind the wheel of the Chrysler and drove off with his fiancÉe. Frano testified that he encountered the vehicle a few minutes later and that, as he followed the vehicle into the gas station, he saw defendant exit the driver's side of the vehicle. The camera mounted on Frano's patrol cruiser was not angled to record that observation; it did, however, capture the subsequent field sobriety testing and the eventual admission of defendant's fiancÉe to Frano that she had not been driving. Viewing the foregoing in the light most favorable to the People (see People v Danielson, 9 NY3d 342, 349 [2007]), and mindful that a person need only be "behind the wheel with the engine running" to operate a vehicle for purposes of the Vehicle and Traffic Law (People v Colburn, 123 AD3d 1292, 1293 [2014], lv denied 25 NY3d 950 [2015]), there was legally sufficient proof for a rational trier of fact to conclude that defendant had operated the vehicle while intoxicated (see People v Dunster, 146 AD3d 1029, 1030 [2017], lv denied 29 NY3d 997 [2017]; People v Colburn, 123 AD3d at 1293; People v Ingram, 3 AD3d 791, 792 [2004]).
Turning to defendant's weight of the evidence argument, a different verdict was perhaps reasonable given that the accounts of Smith and Frano were attacked at trial and that defendant, his fiancÉe and her mother all testified that it was the fiancÉe who was behind the wheel. The jury nevertheless credited the proof that defendant had operated the vehicle while intoxicated and, "[a]fter reviewing the record and weighing the conflicting evidence, we discern no reason to reject the jury's assessment of the witnesses' credibility or to conclude that the jury 'failed to give the evidence the weight it should be accorded'" (People v Ingram, 3 AD3d at 792-793, quoting People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Farnsworth, 134 AD3d 1302, 1304 [2015], lv denied 27 NY3d 1068 [2016]; People v Colburn, 123 AD3d at 1293; People v Westcott, 84 AD3d 1510, 1512 [2011]).
Egan Jr., J.P., Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.