■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL COBB, Appellant. [743 NYS2d 77] —Judgment, Supreme Court, New York County (David Saxe, J., at hearing; Renee White, J., at nonjury trial and sentence), rendered October 6, 1998, convicting defendant of burglary in the first degree, and sentencing him, as a persistent felony offender, to a term of 15 years to life, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. The fact that the witness selected defendant's picture from a photo array shortly before the lineup did not render the otherwise fair lineup unduly suggestive (*see, People v Brown*, 161 AD2d 721, *lv denied* 76 NY2d 853). Any negative inference which might have arisen from the failure of the police to preserve 20 of the 28 photographs, after converting to computerized photographs, was dispelled by testimony that the eight remaining photographs were representative of the 28 photographs viewed by the witness. Since the court found that the eight photographs were not unduly suggestive, the additional photographs could only have made the array even fairer (*see, People v Campos*, 197 AD2d 366, *lv denied* 82 NY2d 892).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the trial judge's determinations concerning identification and credibility. The victim's identification of de-

fendant was reliable and was corroborated by circumstantial evidence.

Upon review of the existing record, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). The evidence that defendant faults his trial counsel for failing to introduce was not exculpatory, and was in fact introduced by the People on rebuttal.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459). In any event, in this nonjury trial, the trial court was made aware of defendant's record through the *Sandoval* application itself, and a judge is presumed capable of disregarding prejudicial matter (*see, People v Moreno*, 70 NY2d 403).

The court properly exercised its discretion in sentencing defendant as a persistent felony offender. Concur—Williams, P.J., Tom, Mazzarelli, Ellerin and Marlow, JJ.