■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE STEWARTSON, Appellant. [10 NYS3d 2]—

Judgment, Supreme Court, New York County (Patricia M. Nunez, J., at suppression hearing; Arlene D. Goldberg, J., at jury trial and sentencing), rendered December 11, 2012, convicting defendant of burglary in the first degree, robbery in the second degree, criminal possession of stolen property in the fourth degree (five counts) and criminal possession of stolen property in the fifth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.

Although the trial court should have granted defendant's request for a midtrial adjournment to obtain the testimony of a police sketch artist, any error was plainly harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Defendant sought to exploit the differences between his actual appearance and a sketch that was believed to have been made as the result of an interview with the victim. When the victim unexpectedly testified that she did not recognize the sketch in evidence as the final sketch that she had approved, the sketch artist's testimony became material. However, even assuming that the artist's testimony would have been completely favorable to defendant, there is no reasonable possibility that it would have affected the verdict. In addition to the victim's identification, the overwhelming evidence included defendant's confession, the recovery of the victim's identifiable property from defendant, and various forms of persuasive circumstantial evidence. Moreover, any prejudice from the absence of the sketch artist was minimized by the parties' stipulation. Defendant did not

preserve his claim that he was constitutionally entitled to the adjournment (see People v Lane, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we find, for the reasons already stated, that any error was harmless.

Defendant's claim that his trial counsel was ineffective because he failed to move to reopen the suppression hearing based on alleged discrepancies between hearing and trial testimony is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Regardless of whether counsel should have moved to reopen the hearing, defendant has not shown that counsel's failure to do so deprived defendant of a fair trial or affected the outcome of the case.

Defendant did not preserve his claim that the lineup in which the victim identified him was unduly suggestive because it was preceded by her viewing of a photo array in which his photograph appeared, and the court did not "expressly decide[ ]" the issue "in [response] to a protest by a party" (CPL 470.05 [2]; see People v Turriago, 90 NY2d 77, 83-84 [1997]). We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find it without merit (see People v Ervin, 5 AD3d 316 [1st Dept 2004], lv denied 3 NY3d 639 [2004]; People v Cobb, 294 AD2d 199 [1st Dept 2002], lv denied 98 NY2d 695 [2002]). Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Clark and Kapnick, JJ.