This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------------

No. 156
The People &c.,
          Respondent,
        v.
Luis A. Pabon,
          Appellant.

Brian Shiffrin, for appellant.
Robert J. Shoemaker, for respondent.

RIVERA, J.:

Defendant Luis A. Pabon challenges his conviction upon a nonjury verdict on the grounds that his prosecution is untimely, the judge was exposed to inadmissible opinion testimony prejudicial to the defense, and the judge erroneously refused to sequester items essential to defendant's claims of judicial misconduct. Contrary to defendant's argument, the tolling provision of CPL 30.10 (3)(f) applies to his crime and as a

- 1 -

result the indictment is not time-barred.  Defendant's other claims present no basis to overturn his conviction, or otherwise disturb the decision below.

Defendant was indicted on one count of course of sexual conduct in the first degree (Penal Law § 130.75 [1][a]) for acts committed between 1998 and 1999 when he sexually assaulted AM, the seven-year-old daughter of defendant's former lover. Defendant was charged after AM disclosed the abuse to the police in 2012, when she was 21 years old.

Before trial, defendant moved to dismiss the indictment as time-barred.  Supreme Court denied the motion, rejecting defendant's argument that CPL 30.10 (3)(f) did not toll the limitations period because such a reading would render the five year limitations period in CPL 30.10 (3)(e) superfluous.

At defendant's nonjury trial, an investigating officer testified that he believed defendant lied to him when defendant denied the allegations during a post-arrest interview.  Defense counsel objected, asserting that the investigator could not testify as to defendant's veracity because that was a matter to be determined solely by the court.  The judge overruled the objection stating he was listening to the testimony and "not taking [the investigator's] judgment."

Defense counsel also moved for a mistrial twice, based on what counsel argued was inappropriate behavior by the judge "sitting as the sole juror in the case."  Specifically, counsel

objected to what he assumed was the judge's reading of a document not in evidence while the investigator testified and to the judge's note-taking and alleged operation of a cell phone and a computer during the trial.  The court denied the mistrial motions, as well as counsel's request that the judge sequester his cell phone, computer, notes, and the document.

The Appellate Division affirmed the conviction, with one justice dissenting (126 AD3d 1447 [4th Dept 2015]).  As relevant here, the court held that the indictment was not time-barred because CPL 30.10 (3)(f) tolled the statute of limitations for defendant's crime until the victim attained the age of 18. The court further concluded that admission of the investigator's opinion testimony was harmless error because "in a nonjury trial, the court is presumed to be capable of disregarding any improper or unduly prejudicial aspect of the evidence" (id. at 1448).  The court also summarily rejected defendant's claim that he was denied appellate review by the judge's refusal to sequester the named items (id. at 1449).

The dissent would have reversed and dismissed the indictment as time-barred, concluding that application of CPL 30.10 (3)(f) to toll the five-year limitations period of CPL 30.10 (3)(e) would render the latter superfluous and ineffective (id. at 1450).  The dissenting justice granted defendant leave to appeal (25 NY3d 1174 [DeJoseph, J., dissenting]).

Defendant claims his prosecution is time-barred because

the applicable five-year limitations period set forth in CPL former 30.10 (3)(e) expired before the filing of the felony complaint, and the statute of limitations is not subject to tolling under CPL 30.10 (3)(f).  Defendant's argument is unpersuasive, misconstrues the statutory provisions, and ignores the relevant legislative history.  The crime for which defendant stands convicted is expressly encompassed by CPL 30.10 (3)(f), and involves the type of conduct the legislature sought to address by expansive, albeit delayed, prosecution of multiple acts of sexual abuse against a minor.

It is well established that since "the clearest indicator of legislative intent is the statutory language, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (People v Golo, 26 NY3d 358, 361 [2015], citing Majewski v Broadalbin-Perth Cent. Sch. Dist., 91 NY2d 577, 583 [1998]). "[W]hen the statutory language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of the words used" (People v Jones, 26 NY3d 730, 733 [2016]). Further, "[a]ll parts of a statute must be harmonized with each other as well as with the general intent of the whole statute, and effect and meaning must, if possible, be given to the entire statute and every part and word thereof" (McKinney's Cons Laws of NY, Book 1, Statutes, § 98).

In 1996, the legislature enacted Penal Law § 130.75

creating the crime for which defendant was convicted, course of sexual conduct against a child in the first degree (L 1996, ch 122, § 6). At the same time the legislature added subsections CPL 30.10 (3)(e) and (f). Subsection 30.10 (3)(e) provided, in relevant part, that,

> "A prosecution for course of sexual conduct in the first degree as defined in section 130.75 of the penal law . . . may be commenced within five years of the commission of the most recent act of sexual conduct."

Subsection 30.10 (3)(f) tolls the limitations period in a prosecution of a sex offense against a minor, and mandates,

> "[f]or purposes of a prosecution involving a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age . . . the period of limitation shall not begin to run until the child has reached the age of eighteen or the offense is reported to a law enforcement agency or statewide central register of child abuse and maltreatment, whichever occurs earlier."

In 2006, the legislature eliminated the statute of limitations in CPL 30.10 (3)(e) for course of sexual conduct against a child in the first degree, and in its place, by amendment to CPL 30.10 (2)(a), provided that prosecution of this crime "may be commenced at any time" (CPL 30.10, as amended by L 2006, ch 3). The legislature intended that the change apply retroactively to offenses whose respective statutes of limitations had not expired by the effective date of the amendment (2006 McKinney's Session Laws of NY, ch 3, § 5 [June 2006]; see generally Stogner v

California, 549 US 607 [2003]).

By its plain language, and under prescribed circumstances not challenged on this appeal, CPL 30.10 (3)(f) tolls the period of limitations applicable to course of sexual conduct against a child in the first degree, as defined in Penal Law § 130.75 (1)(a). Defendant does not challenge the clarity of the text or this direct line of analysis. Instead, defendant claims that the application of this interpretation presents a statutory conflict. As defendant sees it, because the tolling provision in CPL 30.10 (3)(f) applies to the general five-year statute of limitations in CPL 30.10 (2)(b), which governs all non-class-A felonies including, by definition, defendant's crime, and since his crime is a continuing crime, meaning the limitations period would have commenced with the last act committed, there is no circumstance under which the specific limitations period in CPL 30.10 (3)(e) controls, rather than the period in CPL 30.10 (2)(b). In that case, CPL 30.10 (e) serves no purpose and is mere statutory surplus. Defendant argues this result is in contravention of the rules of statutory interpretation which require both that a statute be construed to give meaning to all its words and that, where a conflict arises between parts of a statute, the specific overrides the general. To avoid this result, defendant claims that the tolling provision in subdivision (f) should not apply to the statute of limitations in subdivision (e).

Defendant's proposed construction can neither be squared with the text, legislative purpose, and history of the relevant statutory provisions, nor can he find support in logic and reason. Unlike CPL 30.10 (3)(e), which is a self-contained statute of limitations, CPL 30.10 (3)(f) is a tolling provision and as such is dependent on reference to time limits found elsewhere in the statute. Defendant mistakenly equates the two subsections -- as if they are both statutes of limitations -- when he claims they are in conflict and the specific provision of CPL 30.10 (3)(e) overrides the general provision of CPL 30.10 (3)(f). The more apt comparison is to the two statutes of limitations CPL 30.10 (3)(e) and 30.10 (2)(b), which harmoniously coexist as a specific and general statute of limitations, respectively, and which in no way lead to the conclusion promoted by defendant, that CPL 30.10 (3)(e) is superfluous. Regardless, there is no conflict obvious from the interplay of subsections (3)(e) and (3)(f). One sets forth a five-year prosecution deadline and the other explains when the clock begins to run on that deadline.

Apart from this text-based analysis, our interpretation of these subsections is also consistent with the purpose of the 1996 legislation and the 2006 amendment. The legislature created the crime of course of sexual conduct against a child (Penal Law § 130.75) in order to address the difficulty in prosecuting multiple sexual offenses committed against a child over an

extended period of time.  Under this Court's 1986 decision in
People v Keindl (68 NY2d 410 [1986]), in order to provide
sufficient notice to the defendant as to the crimes charged,
prosecutors needed to charge each instance of sexual assault
separately, and with specificity as to the intervals of the past
events (see People v Morris, 61 NY2d 290 [1984]; People v Watt,
84 NY2d 948 [1994]).  Based on the reality that child victims are
less capable of providing specific detail as to the dates and
times of each sexual assault committed over an extended period
time, claims of continued abuse went unprosecuted because child
victims often could not remember the dates when the sexual
assaults had occurred or how many times they were assaulted in
that same period of time.  In 1996, the legislature voted to
remove this impediment to the prosecution of those who commit
repeated sex crimes against minors during a period of time in
excess of three months.  The 1996 amendment, which created the
crime of course of sexual conduct against a child and the five-
year statute of limitations set forth in CPL 30.10 (3)(e),
rendered repeated sexual assaults "continuing crimes," which "can
be prosecuted and proven regardless of whether child-victims can
specify the particular dates and times of the individual acts of
sexual conduct" (Governor's Program Bill #39R 1996 Memorandum).
Simply put, CPL 30.10 (3)(e) was intended to address the
obstacles to prosecution by recognizing that a series of multiple
sexual assaults of a child over an extended period of time is,

indeed, a continuous crime.

The legislature also sought to address additional barriers to prosecution by tolling the statutes of limitations. As this Court has explained, at the time CPL 30.10 (3)(e) and (f) were enacted,

> "there was a widespread recognition that the strictures of the limitations periods pertaining to sex offenses against children presented unique difficulties because many child victims are hesitant or fearful of disclosing such crimes, especially when the sexual abuse is committed by a family member or an individual in the child's household. In response to these concerns, new laws adding tolling provisions to the statutes of limitations for sexual offenses against children were enacted in 1996 as part of a 'major step' toward 'ensur[ing] that the law provides the highest level of protection possible to these most vulnerable victims'" (People v Quinto, 18 NY3D 409, 412 [2012] quoting Letter from President of Borough of Queens, June 5, 1996, Bill Jacket, L 1996, ch 122, at 22 and Letter from Mayor of City of NY, June 5, 1996, Bill Jacket, L 1996, ch 122, at 28).

As a consequence, "CPL 30.10 (3)(f) was a major component of the legislative package" (Quinto, 18 NY3d at 413). This legislative goal of,

> "[d]elaying the commencement of the relevant limitations period until the age of maturity was intended to 'increase the likelihood that young adults, recently freed from a position of dependency, will disclose the offenses committed against them in order to seek redress through the criminal justice system' and that this would 'also improve opportunities for preventing recurrences of the conduct by the perpetrator'" (id. at 413, quoting Letter from Council on Children and

- 9 -

Families, June 17, 1996, Bill Jacket, L 1996, ch 122, at 18).

The language and history of the subsequent 2006 amendments to CPL 30.10 (3)(e) and (f) further illustrate that the legislature could not have intended defendant's interpretation. The 2006 amendment eliminated the limitations period for course of sexual conduct against a child in the first degree from CPL 30.10 (3)(e), and included it in CPL 30.10 (2)(a) (CPL 30.10, as amended by L 2006, ch 320). Subsection 30.10(3)(f) was also amended to toll the period of limitations for sexual offenses defined in article 130, "*other than* sexual offenses delineated in" CPL 30.10 (2)(a) (id. [emphasis added]). These changes to the statutory scheme explicitly excluded course of sexual conduct against a child in the first degree from CPL 30.10 (3)(f), meaning that the legislature must have understood CPL 30.10 (3)(f) to have applied to this crime prior to the amendment. In other words, the legislature would not have excluded a crime from CPL 30.10 (3)(f) unless it believed that crime was previously within its ambit.[*]

The plain language of CPL 30.10 (3)(e) and (f), the natural interplay between these provisions, and the legislative history of the 1996 and 2006 amendments provide ample reasons to

_____

[*] Defendant attempts to obfuscate the obvious, that the legislature could not make plainer its intent to extend the time for prosecution of this crime, both by eliminating the statute of limitations and by intending that the amendment have retroactive application to the fullest extent permissible under the law.

reject defendant's proposed interpretation, but there is also the problem that defendant's construction leads to absurd results. We carefully scrutinize this impact of defendant's approach because courts are "governed by the principal that we must interpret a statute so as to avoid an unreasonable or absurd application of the law" (People v Garson, 6 NY3d 604, 614 [2006], citing People v Santi, 3 NY3d 234, 244 [2004]). Indeed, "courts have repeatedly rejected statutory constructions that are unconscionable or antithetical to legislative objectives" (Matter of New York State Assn. of Criminal Defense Lawyers v Kaye, 96 NY2d 512, 519 [2001]).

Two examples illustrate why the interpretation defendant advocates is untenable. First, if we applied defendant's reading to the statute, it would mean that the People could not prosecute a defendant in the case of a victim sexually abused from ages three to four who discloses at 16, because the statute of limitations would have expired when the child turned nine, rather than 23, the age which would start the limitations clock running if crimes referenced in CPL 30.10(3)(e) were tolled under CPL 30.10(3)(f).  Certainly the legislature, set on removing obstacles to prosecutions and recognizing "child victims are hesitant or fearful of disclosing such crimes" (Quinto, 18 NY3d at 412), could not have intended the statute to foreclose prosecution in such a case.  Second, under defendant's approach prosecutions of single abuse cases would be tolled, while those

involving multiple acts against a minor would be barred five years after the last act.  Meaning that, had defendant been accused of sexually abusing AM just once, he could have been prosecuted up to and until 2015, but, having been accused of *continued* sexual abuse over a three-month period, his prosecution was entirely foreclosed after 2004.  Defendant's interpretation thereby does less to prevent a recurrence of sexual abuse of children than to incentivize a child abuser to commit multiple acts.  Such interpretation is "unconscionable or antithetical to [the] legislative objectives" (Assn. of Criminal Defense Lawyers, 96 NY2d at 519) of "improv[ing] opportunities for preventing recurrences of the conduct by the perpetrator" (Quinto, 18 NY3d at 413 [internal citation and quotation marks omitted]).

          In sum, application of CPL 30.10 (3)(f) to crimes described in CPL 30.10 (3)(e) conforms with the statutory text and furthers the legislative goal of those statutes by tolling the limitations period.  Therefore, defendant's prosecution is not time-barred.

          Defendant's alternative claim that the trial judge's admission of irrelevant testimony warrants a new trial is unpersuasive because the error was harmless.  As the Appellate Division correctly determined, the judge should not have admitted the investigator's opinion testimony that defendant lied to him during the interview (see People v Ciaccio, 47 NY2d 431, 439 [1979]["(i)t is always within the sole province of the jury to

decide whether the testimony of any witness is truthful or not"]).  Instead, the appropriate course would have been for the judge to sustain defense counsel's objection and preclude or strike the testimony.  Nevertheless, the Appellate Division has applied a presumption that a court in a nonjury trial will disregard improper evidence because judges, unlike jurors, are sufficiently well-versed in the law to understand rules of evidence and, in the case of a bench trial, may be presumed to rely only on admissible evidence (see e.g. People v Cobb, 294 AD2d 199, 200 [1st Dept 2002]; People v Livingston, 184 AD2d 529 [2d Dept 1992]; People v Maxam, 161 AD2d 961 [3d Dept 1990]; People v LoMaglio, 124 AD3d 1414 [4th Dept 2015]).  In the same vein, this Court in People v Moreno, (70 NY2d 403, 406 [1987], quoting People v Brown, 24 NY2d 168, 172 [1969]), has recognized that a judge, "'by reasons of his learning, experience and judicial discipline is uniquely capable of distinguishing the issues and of making an objective determination' based upon appropriate legal criteria, despite awareness of facts which cannot properly be relied upon making the decision."  Defendant argues that this presumption does not apply when a judge erroneously admits evidence because, by admitting it, the judge has revealed a misunderstanding regarding the evidence's proper use.

We need not resolve the applicability of the presumption recognized by the Appellate Division as a general

matter because the underlying rationale for such a presumption does not logically extend to this case, where the judge erroneously allowed inadmissible evidence over proper objection. Absent some reliable indication that, notwithstanding the erroneous ruling, the judge knows that the evidence must be disregarded, we cannot presume the judge, acting as the finder of fact, will forego consideration of the evidence during the course of the trial or in reaching a verdict (cf. People v Smith, 18 NY3d 544, 552 [2012][judge's erroneous admission of evidence warranted reversal because the judge "clearly relied" on the evidence and it "led to the conviction"]).  Here, the judge's on-the-record statement that he was "not taking [the investigator's] judgment," provides sufficient assurance that he was not adopting the investigator's assessment of defendant's honesty.  Therefore, the erroneous admission of the testimony was harmless.

We also reject defendant's remaining claim that the judge's denial of his mistrial motions and request to sequester the judge's notes, cell phone, computer, and unidentified document deprived defendant of proper appellate review. Defendant contends that in a bench trial the judge sits as a jury and is therefore subject to the same limitations as any juror, meaning the judge may not look at unadmitted documents, take notes, or use electronic devices during the proceedings. Defendant ignores that in a nonjury trial the judge serves in dual roles, and while sitting as the fact-finder the judge

continues to be responsible for all the judicial obligations attendant to overseeing a trial. Thus, a judge may take notes and rely on technological instruments to facilitate the proper discharge of these judicial duties.

To the extent defendant claims the judge misused items defendant sought to have sequestered or, as his arguments imply, that the judge was distracted and failed to give proper consideration to the evidence, his claims are unsupported by the record. Trial counsel admitted he did not know the nature or content of the document the judge was holding and, as the record shows, the judge indicated that although he did not know what document counsel was referencing, he assured him that he was in fact listening to the testimony. Additionally, counsel failed to object at the time of the alleged misuse of the notes and electronic devices, and based his subsequent mistrial motion on mere observations of the judge's possession and unspecified operation of the phone and computer. Under these circumstances, we perceive no abuse of discretion in the trial judge's denial of defendant's motions for mistrial and to sequester the named items (see Harris v Village of E. Hills, 41 NY2d 446, 451 [1977]; see also People v Rice, 75 NY2d 929, 933 [1990]).

Accordingly, the order of the Appellate Division should be affirmed.

People v Luis A. Pabon

No. 156


PIGOTT, J. (concurring):

I would affirm for reasons stated in the memorandum of the Appellate Division (126 AD3d 1447).


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Order affirmed.  Opinion by Judge Rivera.  Chief Judge DiFiore and Judges Abdus-Salaam, Stein and Fahey concur.  Judge Pigott concurs in result in an opinion in which Judge Garcia concurs.

Decided November 1, 2016

- 1 -