Napoli v Bern (2019 NY Slip Op 02646)





Napoli v Bern


2019 NY Slip Op 02646


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Friedman, J.P., Gische, Webber, Gesmer, JJ.


8927 159576/14

[*1]Paul J. Napoli, Plaintiff-Respondent,
v Marc J. Bern, Defendant-Appellant.


Robert & Robert, PLLC, Uniondale (Clifford S. Robert of counsel), for appellant.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Luke Nikas of counsel), for respondent.



Order, Supreme Court, New York County (Mark C. Zauderer, Special Referee), entered on or about April 4, 2017, which determined that plaintiff executed a 2014 charitable pledge agreement with defendant's consent and that therefore the payments owed under the agreement are a debt of the "legacy" law firm of which the parties were the two equitable partners, unanimously affirmed, with costs.
The Special Referee correctly precluded defendant from calling a computer forensics expert to testify that three electronic documents, i.e., email "read receipts," produced in 2017 on behalf of plaintiff were falsified during litigation, on the ground that whether the email had been read by defendant was a collateral matter, not material to the issue of whether defendant agreed to the 2014 charitable pledge agreement (see Badr v Hogan, 75 NY2d 629, 635 [1990]). The electronic documents were not received in evidence, and defendant otherwise presented no evidence connecting plaintiff to the creation of the allegedly wrongful documents. In any event, any error was harmless, because the Special Referee stated that, even if the evidence were material, it would not have changed his findings (see People v Pabon, 28 NY3d 147, 157-158 [2016]; People v Umali, 37 AD3d 164, 166 [1st Dept 2007], affd 10 NY3d 417 [2008], cert denied 556 US 1110 [2009]).
Defendant's contention that plaintiff should forfeit his claims in this matter is unsupported by clear and convincing evidence that plaintiff engaged in a willful and pervasive scheme to defraud the court that prejudiced defendant's ability to defend against the claims (see CDR Creances S.A.S. v Cohen, 23 NY3d 307, 321-322 [2014]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK