People v Butler (2021 NY Slip Op 01927)





People v Butler


2021 NY Slip Op 01927


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.


1107 KA 16-02355

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CALVIN L. BUTLER, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
CALVIN L. BUTLER, DEFENDANT-APPELLANT PRO SE.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered August 25, 2016. The judgment convicted defendant upon a nonjury verdict of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminally using drug paraphernalia in the second degree (two counts) and unlawful possession of marihuana. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a nonjury trial of, inter alia, criminal possession of a controlled substance in the third degree (CPCS 3rd) (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (CPCS 4th) (§ 220.09 [1]). That judgment arose from the discovery of illicit substances during a search of a residence in Ontario County. In appeal No. 2, defendant appeals from a judgment convicting him upon a plea of guilty of CPCS 3rd (§ 220.16 [1]). That judgment arose from his possession of illicit substances at the time of his arrest in Seneca County. Finally, in appeal No. 3, defendant appeals from a judgment convicting him upon a plea of guilty of criminal sale of a controlled substance in the third degree (§ 220.39 [1]), which was related to his sales of cocaine to a confidential informant in Seneca County.
Contrary to defendant's contention in the main brief in appeal No. 1, County Court's Molineux ruling does not warrant reversal. At the beginning of the trial, the court ruled that it would consider evidence of a sale that occurred on the day that defendant was arrested and the residence in Ontario County was searched. The court determined that such evidence was relevant to the issue of defendant's intent to sell the controlled substances as well as the underlying narrative and background of the events that day. The court precluded the People from using evidence of drug sales made on other dates.
We perceive no error in the court's ruling. The drug sale in Seneca County on the day of defendant's arrest was the catalyst for the search of the Ontario County residence. It was the People's theory that defendant would retrieve drugs from that residence and sell them to, inter alia, the confidential informant in Seneca County. As a result, the Molineux evidence was relevant to establish that defendant intended to sell the drugs (see People v Simmons, 184 AD3d 326, 331 [4th Dept 2020]; People v Whitfield, 115 AD3d 1181, 1182 [4th Dept 2014], lv denied 23 NY3d 1044 [2014]). Such evidence was also relevant "to complete the narrative of events leading up to the crime for which defendant [was] on trial," and "the probative value of such evidence outweighed its prejudicial impact" (Whitfield, 115 AD3d at 1182 [internal quotation marks omitted]; see generally People v Alvino, 71 NY2d 233, 242 [1987]).
Unlike People v Chaney (298 AD2d 617, 617-619 [3d Dept 2002], lv dismissed in part and denied in part 100 NY2d 537 [2003]), a case cited by defendant, this is not a situation where the volume of drugs or other evidence made it clear that defendant intended to sell the drugs. Moreover, defendant put his intent at issue when defense counsel cross-examined the People's witness regarding whether the amount was consistent with personal use (see People v Roberts, 161 AD3d 1381, 1383 [3d Dept 2018]; see also People v Veale, 169 AD2d 939, 940 [3d Dept 1991], affd 78 NY2d 1022 [1991]).
Defendant further contends in his main brief in appeal No. 1 that the prosecutor violated the court's Molineux ruling when he discussed evidence related to precluded drug sales in his opening statement and admitted in evidence exhibits 23 and 24. The exhibits contained recordings of telephone calls defendant made while incarcerated at the Seneca County Jail, which contained references to the precluded sales. As defendant correctly concedes, his contentions concerning prosecutorial misconduct are not preserved for our review (see People v Fick, 167 AD3d 1484, 1485 [4th Dept 2018], lv denied 33 NY3d 948 [2019]; People v Brown, 94 AD3d 1461, 1462 [4th Dept 2012], lv denied 19 NY3d 995 [2012]; see generally People v Tonge, 93 NY2d 838, 839-840 [1999]). In any event, defendant's contentions lack merit. The prosecutor made no reference to precluded evidence in his opening statement and, when submitting the relevant exhibits to the court in this nonjury trial, the prosecutor asked the court to consider them "in conjunction with [its] Molineux ruling," specifically noting that defendant made references to sales that were "not . . . relevant for this trial." The trial judge indicated that he understood that defendant referenced sales that "took place before the date in question," but stated that he would "disregard those and place them out of [his] mind as if [he] didn't hear them."
We further conclude that, contrary to defendant's contention in his main and pro se supplemental briefs in appeal No. 1, he was not denied a fair trial when the court listened to the entirety of exhibits 23 and 24. "In a bench trial, the court is presumed to have considered only competent evidence in reaching its verdict" (People v LoMaglio, 124 AD3d 1414, 1416 [4th Dept 2015], lv denied 25 NY3d 1203 [2015] [internal quotation marks omitted]). That presumption, however, does not apply where a court sitting as the trier of fact improperly allows evidence over objection unless there is "some reliable indication that, notwithstanding the erroneous ruling, the judge knows that the evidence must be disregarded" (People v Pabon, 28 NY3d 147, 158 [2016]). Here, as in Pabon, "the judge's on-the-record statement that he was 'not [considering the inadmissible evidence]' provides sufficient assurance that" the inadmissible evidence was not being considered by the court (id.). The court's general reference to the exhibits when rendering its verdict does not establish that the court considered precluded information that was contained in those exhibits (see People v O'Neill, 169 AD3d 1515, 1516 [4th Dept 2019]; People v Barnes, 137 AD3d 1571, 1572 [4th Dept 2016], lv denied 27 NY3d 1128 [2016]; cf. People v Memon, 145 AD3d 1492, 1493 [4th Dept 2016]).
As the final contention in his main brief in appeal No. 1, defendant contends that he was denied effective assistance of counsel. We reject that contention. Viewing the evidence, the law and the circumstances of this case in their totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
In his pro se supplemental brief in appeal No. 1, defendant contends that the court erred in refusing to provide a missing witness instruction related to the lessor of the residence that was searched. As a preliminary matter, defendant's request for the instruction was untimely inasmuch as it was made after both parties rested (see People v Muscarella, 132 AD3d 1288, 1290 [4th Dept 2015], lv denied 26 NY3d 1147 [2016]; People v Williams, 94 AD3d 1555, 1556 [4th Dept 2012]; cf. People v Carr, 14 NY3d 808, 809 [2010]). In any event, the charge would not have been warranted because defendant failed to meet his initial burden of establishing that the witness, i.e., defendant's long-term girlfriend, could be expected to testify favorably to the People (see People v Barill, 120 AD3d 951, 953 [4th Dept 2014], lv denied 24 NY3d 1042 [2014], reconsideration denied 25 NY3d 949 [2015]; see generally People v Smith, 33 NY3d 454, 459 [2019]; People v Gonzalez, 68 NY2d 424, 427 [1986]).
In appeal Nos. 2 and 3, defendant challenges the validity of the waiver of the right to appeal and further contends that, if the judgment in appeal No. 1 is reversed, then the judgments in appeal Nos. 2 and 3 must be reversed inasmuch as he pleaded guilty based on the promise that [*2]the sentences in those appeals would run concurrently with the sentence in appeal No. 1. We reject defendant's contention that his waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Ramos, 7 NY3d 737, 738 [2006]). However, assuming, arguendo, that defendant's further contention is not encompassed by his valid waiver of the right to appeal, we conclude that, in view of our determination affirming the judgment in appeal No. 1, that contention lacks merit (see People v Blackshell, 178 AD3d 1355, 1358 [4th Dept 2019], lv denied 35 NY3d 968 [2020]; People v Taylor, 4 AD3d 875, 876 [4th Dept 2004], lv denied 3 NY3d 648 [2004]; cf. People v Rowland, 8 NY3d 342, 344-345 [2007]; People v Fuggazzatto, 62 NY2d 862, 863 [1984]).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court