People v Lewis (2024 NY Slip Op 00248)

People v Lewis

2024 NY Slip Op 00248

Decided on January 18, 2024

Appellate Division, First Department

PITT-BURKE, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels
Jeffrey K. Oing Barbara R. Kapnick Bahaati E. Pitt-Burke John R. Higgitt

Index No. 72876/22 Appeal No. 1054 Case No. 2023-02116 

[*1]The People of the State of New York, Respondent,
v
Leonard Lewis, Defendant-Appellant.

Defendant appeals from the order of the Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about March 8, 2023, which denied his motion to dismiss the SORA proceeding.

Twyla Carter, The Legal Aid Society, New York (Hilary Dowling of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Larry Glasser and Noah J. Chamoy of counsel), for respondent.

PITT-BURKE, J. 

This case presents the question of whether a defendant can appeal an interlocutory order denying dismissal of a Sex Offender Registration Act (SORA) (Correction Law art 6-C) proceeding prior to a risk level adjudication. For the reasons that follow, we find that defendant's appeal from the SORA court's interlocutory order is not authorized under Correction Law § 168-n (3) or the general principles relating to civil appeals contained within CPLR 5701 (a), because a SORA hearing has not been held and an order has not been rendered requiring defendant to register as a sex offender in New York. Therefore, defendant's liberty interest has not yet been adjudicated.
Procedural History On May 8, 2019, defendant was convicted in federal court of production and distribution of obscene visual representations of the sexual abuse of children pursuant to 18 USC § 1466A (a) (1) (A). Defendant was sentenced to a prison term of 72 months in the Federal Bureau of Prisons, to be followed by three years of supervised release with special conditions.
On June 22, 2022, the Board of Examiners of Sex Offenders was notified that defendant was living in a re-entry facility in Bronx County. In light of defendant's pending release, the Board prepared a case summary and Risk Assessment Instrument, in which it determined that defendant was required to register as a sex offender in New York pursuant to Correction Law § 168-a (2) (d).[FN1] Specifically, the Board found that defendant's conviction under 18 USC § 1466A (a) (1) (A) included the essential elements of promoting a sexual performance by a child under Penal Law § 263.15. The Board submitted its risk level recommendation, a level one classification, to the SORA court, and the matter was set down for a SORA proceeding to determine defendant's risk level.
During the SORA proceeding, but before a hearing took place to determine defendant's risk level designation, defendant moved to dismiss the proceeding, contending that the Board's determination that he must register in New York based on his conviction under 18 USC § 1466A (a) (1) (A) was incorrect. Specifically, defendant argued that Penal Law § 263.15 did not criminalize the morphed images created by defendant because the images did not depict actual sexual conduct by a child. The People opposed defendant's motion and cross-moved for an upward departure to a level two classification.
By way of an interlocutory order, the SORA court denied defendant's motion to dismiss the SORA proceeding, finding that defendant's conviction for violating 18 USC § 1466A (a) (1) (A) is a registrable [*2]offense under SORA pursuant to Correction Law § 168-a (2) (d). The court further held that defendant must proceed with a risk classification hearing, but prior to the hearing taking place, defendant appealed the SORA court's interlocutory order determining his registrability under SORA.
On appeal, defendant contends that the SORA court erred in denying his motion to dismiss the SORA proceeding because the conduct underlying his conviction for violating 18 USC § 1466A (a) (1) (A) falls outside the scope of Penal Law § 263.15.
In response, the People argue that defendant's conviction contains the essential elements of Penal Law § 263.15 and is therefore a registrable offense in New York. However, their primary contention is that this appeal must be dismissed because neither SORA nor case law authorizes a direct appeal of an interim determination prior to a risk level determination hearing being held.
In reply, defendant contends that the People's arguments are unavailing because there is no language in article 6-C or the CPLR that requires him to receive a risk level adjudication prior to obtaining appellate review of the SORA court's interlocutory order denying his motion to dismiss the SORA proceeding. As the resolution of this issue is dispositive, we need not address defendant's other arguments concerning the validity of the SORA court's registration determination.
Correction Law § 168-n
Correction Law § 168-n, entitled "Judicial determination," provides that the sentencing court shall "make a determination with respect to the level of notification, after receiving a recommendation from the [B]oard . . . ." (Correction Law § 168-n [2]). Pursuant to Correction Law § 168-n (3),[FN2] "the sentencing court shall notify the . . . sex offender and the sex offender's counsel, in writing, of the date of the determination proceeding and shall also provide . . . [the parties] with a copy of the recommendation received from the [B]oard . . . ." The written notice must "also advise the offender that he or she has a right to a hearing prior to the court's determination, and that he or she has the right to be represented by counsel at the hearing" (id.).[FN3] At the conclusion of the SORA hearing, the "court shall render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based"[FN4] and "[e]ither party may appeal as of right from the order pursuant to the provisions of articles fifty-five, fifty-six and fifty-seven of the civil practice law and rules" (id.).
It is undisputed that at his SORA hearing, a defendant may challenge a determination of the Board that he was required to register in New York based on an out-of-state conviction, and that the Appellate Division can review the SORA court's determination (see People v Liden, 19 NY3d 271 [2012]). Here, however, defendant appeals the SORA court's interlocutory order denying his motion to dismiss the SORA proceeding, prior to a risk level determination [*3]hearing being held and an order issued requiring him to register as a sex offender in New York.
While defendant contends there is nothing in Correction Law article 6-C that mandates he receive a risk level adjudication prior to obtaining appellate review of the SORA court's determination, his argument seemingly disregards the statutory language contained within section 168-n (3). By its plain language, Correction Law § 168-n (3) only permits an appeal "as of right" from the SORA court's risk level determination order. To find otherwise would be to ignore the legislative intent of the statutory language (see generally People v Pabon, 28 NY3d 147, 152 [2016] ["the clearest indicator of legislative intent is the statutory text" (internal quotation marks omitted)]). Namely, the procedural safeguards afforded to defendant in Correction Law § 168-n (3) require the SORA court to conduct a risk assessment hearing before it renders an order requiring him to register as a sex offender in New York and assigns him a risk level designation. Until a hearing is held and a determination made, the defendant's liberty interest as related to the SORA proceeding has not yet been adjudicated (see Correction Law § 168-n [3]).
This, however, is not a circumstance where Correction Law § 168-n (3) does not provide defendant with an "as of right" appeal from the SORA court's registrability determination. Rather, Correction Law § 168-n (3) and relevant case law set out the procedural posture in which such an application can be made. To wit, when a defendant challenges the registrability of a foreign conviction that is the basis of a SORA court's order requiring them to register as a sex offender, the question of whether the defendant's foreign conviction requires registration as a sex offender in New York is reviewed during an appeal upon completion of the risk level proceeding (see generally Liden, 19 NY3d 271; People v Sittler, 217 AD3d 632 [1st Dept 2023]). If the SORA court's determination is reversed in defendant's favor, the requirement that defendant register as a sex offender is annulled (see Liden, 19 NY3d 271).
Allowing defendant to bifurcate the SORA proceeding not only prolongs the risk level determination process, thereby potentially undermining the statutory intent of SORA,[FN5] but it also provides no benefit to defendant, as the steps contained within the statutory framework of Correction Law § 168-n (3) leave defendant in the same position as if the instant appeal from the interlocutory order were to proceed (see Correction Law § 168-n [3]).
Thus, because a SORA hearing has not been held and the SORA court has not rendered an order requiring defendant to register as a sex offender, nor has the SORA court assigned defendant a risk level classification, we find that defendant's appeal from the SORA court's interlocutory order is not permitted under Correction Law § 168-n (3).
CPLR 5701 Defendant further contends that pursuant to CPLR 5701, he is entitled [*4]to appeal the interlocutory order denying his motion to dismiss the SORA proceeding. We disagree.
Although defendant asserts that there is nothing in the language of Correction Law § 168-n (3) precluding this Court's exercise of its broad authority and jurisdiction to decide the instant appeal pursuant to CPLR 5701 (a) (2) (v), his argument fails to consider the underpinnings on which such jurisdiction is vested in this court. Under to CPLR 5701 (a) (2) (v), "[a]n appeal may be taken to the appellate division as of right . . . from an order . . . where the motion it decided was made upon notice and it . . . affects a substantial right." Even assuming defendant's interpretation of Correction Law § 168-n (3) is correct, the interlocutory order appealed from does not require defendant to register as a sex offender. In fact, the very procedural safeguards noted above prevent the SORA court from issuing such an order without a hearing.
For this reason, we find defendant's reliance on People v Charles (162 AD3d 125, 140 [2d Dept 2018], lv denied 32 NY3d 904 [2018]) unavailing. In Charles, the defendant appealed from an order denying a petition for a downward modification of his SORA risk level designation. As a SORA determination had already been made, the Second Department found that the defendant was entitled to appeal the denial of his modification pursuant to CPLR 5701, based on the significant impact that a SORA determination had on defendant's liberty interest (id. at 138).
While we are also cognizant of the impact that a SORA determination has on defendant's liberty interest, Charles and its progeny are inapposite because here, a SORA determination has not been rendered and defendant's sex offender classification implicating his liberty interest has not yet been adjudicated (cf. Charles, 162 AD3d 125; People v Shaljamin, 164 AD3d 1169, 1169 [1st Dept 2018]; People v Diaz, 150 AD3d 60, 66 [1st Dept 2017], affd on other grounds 32 NY3d 538 [2018]). Under the circumstances presented here, we find that the interlocutory order is not appealable under the general principles relating to civil appeals contained within CPLR 5701 (a) because it does not "affect[] a substantial right" (see CPLR 5701 [a] [2] [v]).
Accordingly, the appeal from the order of the Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about March 8, 2023, which denied defendant's motion to dismiss the SORA proceeding, should be dismissed, on the law, without costs, and the matter remanded for further proceedings.
Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about March 8, 2023, dismissed, on the law, without costs, and the matter remanded for further proceedings.
Opinion by Pitt-Burke, J. All concur.
Manzanet-Daniels, J.P., Oing, Kapnick, Pitt-Burke, Higgitt, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024

Footnotes

Footnote 1: Pursuant to Correction Law § 168-a (2) (d), a sex offense means "a conviction of (i) an offense in any other jurisdiction which includes all of the essential elements of any such crime provided for in paragraph (a), (b) or (c) of this subdivision or (ii) a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred or, (iii) any of the provisions of 18 U.S.C. 2251, 18 U.S.C. 2251A, 18 U.S.C. 2252, 18 U.S.C. 2252A, 18 U.S.C. 2260, 18 U.S.C. 2422(b), 18 U.S.C. 2423, or 18 U.S.C. 2425, provided that the elements of such crime of conviction are substantially the same as those which are a part of such offense as of the date on which this subparagraph takes effect."

Footnote 2: The People contend that, although a technicality, defendant should have appealed under Correction Law § 168-k, not Correction Law § 168-n (3). However, section 168-k governs the procedure for registration of sex offenders who move to New York from other states, which is not at issue here. In any event, as the People note, sections 168-n (3) and 168-k (2) contain identical language as relevant to the issues raised in this appeal.

Footnote 3: In the event the district attorney "seeks a determination that differs from the recommendation submitted by the [B]oard," it must provide a statement setting forth the determinations sought and reasons for seeking such determinations at least ten days prior to the determination proceeding (Correction Law § 168-n [3]). The court shall then "allow the sex offender to appear and be heard" (id.).

Footnote 4: "If a sex offender, having been given notice, including the time and place of the determination proceeding . . . fails to appear at this proceeding, without sufficient excuse, the court shall conduct the hearing and make the determinations in the manner set forth in subdivision three . . . ." (Correction Law § 168-n [6]).

Footnote 5: According to its legislative history, the primary government interest underlying SORA is the protection of the public from sex offenders (see L 1995, ch 192, § 1 [Legislative purpose or findings]; People v Francis, 30 NY3d 737, 742 [2018]).